PATTERSON *v.* CALHOUN CIRCUIT JUDGE.

1. MANDAMUS—PROPRIETY—TAXATION OF COSTS.
   Mandamus is the proper remedy to review the action of the
   circuit court in retaxing costs.

2. COSTS—RETAXATION—QUESTIONS CONSIDERED.
   The circuit judge on retaxing costs can consider only such objections to the bill of costs as were presented to the clerk.

3. JUDGES—FEES—PROBATE JUDGE—DRAIN PROCEEDINGS—CERTIORARI.
   Where drain proceedings are removed to the circuit court by certiorari, the probate judge is not entitled to any extra compensation for making certified copies and exemplifications of proceedings required by law to be set forth in the return to the writ, section 4392, 2 Comp. Laws, not applying to such matters.

Mandamus by John C. Patterson and others to compel Joel C. Hopkins, circuit judge of Calhoun county, to retax and disallow a bill of costs in certain drain proceedings. Submitted January 2, 1906. (Calendar No. 21,486.) Writ granted July 3, 1906.

Relators removed certain drain and auxiliary condemnation proceedings by writ of certiorari to the circuit court, where judgment went against them. Respondents presented to the county clerk their bill of costs for taxation, including the following items, viz.:

ATTORNEY FEES.

| | |
|---|---:|
| For fees on certiorari on affirmance of judgment below | $12 00 |
| For term fees, cause on calendar but not reached or postponed, viz.: | |
| February term, 1901 | 5 00 |
| May term, 1901 | 5 00 |
| September term, 1901 | 5 0C |
| Clerk's fee | 8 00 |
| Costs of certified copies and exemplifications | 97 10 |
| Affidavit to bill of costs | 25 |
| Taxation of costs | 25 |

Relators filed their objections to the taxation of this bill of costs, as follows:

"The item of $97.10 for certified copies and exemplifications, for the reason that no such costs were contemplated or provided for by the statute in certiorari cases.

"2. The items for term fees at the February, May and September terms for 1901, for the reason no such costs are contemplated or provided for by the statute in cases of certiorari.

"3. The case was not in condition to notice for hearing at the February and May terms, 1901, for the reason the respondents had not made proper returns to the writ, and the case was postponed to give them time to complete and perfect their returns.

"4. The case was not in condition to be noticed at the September term, 1901, and, when the case was reached, it was continued over the term.

"5. The affidavits to fee bills are not required, and hence the item for such fees cannot be taxed."

The clerk disallowed the term fees for the February and May terms and allowed all of the other items. Relators moved the circuit court for a retaxation, broadening their objections filed with the clerk to include the remaining items of the bill of costs and assigning new reasons. The circuit judge, holding that he could only consider objections which had been presented to the clerk, struck out of the item of $97.10, $24, so that the remainder of $73.10 represented the fees of the probate judge for certified copies and exemplifications of records and documents returned by him in answer to the writ, and allowed the remainder of the items as taxed by the clerk. Relators petition this court to grant a writ of mandamus, ordering the circuit judge to retax and disallow the entire bill of costs, in accordance with their objections. Respondent presents a preliminary objection to hearing this application that mandamus is not the proper remedy. This objection was held invalid in *Schmidt* v. *Wayne Circuit Judge*, 136 Mich. 658.

*John C. Patterson*, for relators.

*Hatch & Page*, for respondent.

BLAIR, J. (*after stating the facts*). We agree with
the circuit judge that only such objections as were pre-
sented to the clerk could be considered on the application
for retaxation. This leaves for our consideration the ob-
jections to the item of $73.10 for certified copies, etc., and
the September term fee of $5. Relators contend that,
since section 4346, 2 Comp. Laws, provides that the same
practice shall be followed in reviewing drain proceedings
on certiorari as is required for reviewing judgments of
justices of the peace on certiorari, as near as may be, and
since section 942, 1 Comp. Laws, provides that "the sum
of two dollars shall be paid to the justice of the peace for
his fees for making a return to the certiorari," it follows
that the $2 fee which was paid to the probate judge was
in full of all services performed by him in making his re-
turn to the writ. The certified copies and exemplifications
were made and returned under the following order for a
further return, viz.:

"It satisfactorily appearing to the court from the record
and files of said cause that the respondent, William A.
Lane, judge of probate of Calhoun county, has not certi-
fied the writ of certiorari and the copy of affidavit there-
for, heretofore served upon him, and that he had not certi-
fied transcripts of all the papers, orders or proceedings
had before him and of record in the probate office of Cal-
houn county mentioned in said affidavit for said writ, and
that in some matters he has returned the original papers
and files of the said probate court instead of copies there-
from, on motion of John C. Patterson, attorney for said
relators in said cause, it is ordered that the said respond-
ent, William A. Lane, judge of probate of Calhoun
county, be and is hereby permitted to withdraw from the
files and records of this court all the papers, orders and
proceedings which have been heretofore filed in the said
probate court and returned by him to this court.

"It is further ordered that the said respondent, William
A. Lane, be and he is hereby required to certify and re-
turn the writ of certiorari and the copy of affidavit there-
for heretofore served upon him, together with a correct
transcript of all the petitions, orders, citations, motions,
affidavits, rulings, exceptions, testimony, venire, awards,

papers and proceedings, and filed, made or recorded in said probate court and mentioned in said affidavit for writ of certiorari and the practice of this court, on or before the first day of next term of this court."

Respondent contends that the allowance of the item of $73.10 was justified and required by section 4392, 2 Comp. Laws, and section 11297, 3 Comp. Laws. That portion of section 4346 necessary to be considered is, as amended by Act No. 272, Pub. Acts 1899, as follows: .

"*Provided,* That the proceedings in establishing any drain shall be subject to review on certiorari as herein provided. Notice of such certiorari shall be served upon the county drain commissioner within ten days after the copy of the final order of determination of such commissioner in establishing any drain has been filed with the county clerk as provided in section one of chapter four, in the same manner as notice is required to be given of certiorari for reviewing judgments rendered by justices of the peace and the writ shall be issued and served and bond given and approved and the subject-matter brought to issue in the same time and manner as near as may be as in such cases provided, except * * *. If the proceedings be sustained, the party bringing the certiorari shall be liable for the costs thereof and if they be not sustained, the parties making application for the drain shall be liable for the costs."

Sections 4392 and 11297 are as follows:

"(4392) Juries and special commissioners shall receive the same compensation as the county drain commissioners, and newspaper publishers shall receive legal rates for advertising. The judge of probate shall receive ten cents per folio for making exemplified copies of any proceedings had in the probate court, two dollars for the appointment of special commissioners, including the certified copy of the order of their appointment and three dollars for all services performed in case a jury is had. For all services mentioned in this section, the county drain commissioner shall draw orders on the funds of the several drains for which said services were performed."

"(11297) When there shall be charges in a bill of costs for the attendance of any witness or for copies or exemplifications of documents or papers, or for any other disbursements, except to officers for services rendered, such

charges for witnesses shall not be taxed without an affidavit stating the distance they respectively traveled and the days they actually attended; and such charges for copies shall not be taxed without an affidavit that such copies were actually and necessarily used or necessarily obtained for use; nor shall such disbursements be allowed without an affidavit specifying the items thereof particularly, nor unless they appear to have been necessary and reasonable in amount, when in any case a party is entitled to charge witness fees, and his bill of costs shall contain an item or items for the attendance and travel of the party himself as a witness, such item or items shall be taxed upon affidavit that the party was in attendance upon the court for the time charged for the purpose of being sworn as a witness and not to assist in the management of the cause, and that the travel was for the purpose of giving his evidence."

Sections 942 and 944, 1 Comp. Laws, are as follows:

"(942) Such writ of certiorari shall, within ten days after it shall have been issued, or within such other time as the officer allowing the same shall direct at the time of allowing the certiorari, be served upon the justice by whom the judgment was rendered, together with the bond given, and a copy of the affidavit on which the certiorari was allowed; and the sum of two dollars shall be paid to the justice for his fees for making a return to the certiorari, and no certiorari shall be of any effect until all the preceding requisitions shall have been complied with."

"(944) The justice, before the return day of such certiorari, or within ten days after the service of such certiorari, shall make return thereto in writing, and file the same; in which return he shall truly and fully answer to all the facts set forth in the copy of the affidavit on which the certiorari was allowed."

Section 2551 1 Comp. Laws, provides that judges of probate—

"Shall make no charge to any person for any paper drawn or service performed by them or any person or clerk connected with their office except for copies of records or papers on file and certificates and exemplifications of records or papers in his office, which shall be furnished for ten cents per folio and twenty-five cents for certifying, sealing and attesting the same."

We are of the opinion that section 4392 does not apply to copies of proceedings in the probate court required by law to be set forth in the return to the writ of certiorari by the judge of probate himself, but that it was intended to apply to copies furnished prior to the issuance of the writ, as under sections 4314, 4325, 4327, and 4328, for which services the section requires that the commissioner "shall draw orders on the funds of the several drains for which said services were performed." It was the duty of the judge of probate to return a transcript of the record without any order to that effect. It was certainly his duty to do so after the order of the court to that effect.

"The return should consist of a full and complete transcript of the record of the proceedings of which a review is sought, since the trial is had by an inspection of the record as returned, and not on any issue of fact. Although the command of the writ is that the record of the inferior court or tribunal shall be sent up, it is not proper to send up the record itself, but a transcript should be returned; unless there is an unmistakable command made, to suit the exigencies of the particular case, that the record itself shall be sent up and not a transcript, in which case the writ must be obeyed literally." 4 Enc. Pl. & Prac. p. 217.

2 Stevens' Mich. Practice, § 534, p. 508. We think it was the intention of the legislature, in adopting the practice provided for justices' courts, to adopt also the provision for fees for making the return, and that the trial judge erred in allowing the item of $73.10.

The record does not contain sufficient allegations or admissions of facts to enable us to determine whether the objection to the September term fee as made before the clerk was valid or not.

The writ will issue, directing the respondent to strike out and disallow the item of $73.10.

MONTGOMERY, OSTRANDER, HOOKER, and MOORE, JJ., concurred.